UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| KAITLYN T.; DAVID THARALDSON; DIANE THARALDSON<br>　　　　　Plaintiff<br><br>v.<br><br>THE CITY OF CHICOPEE Acting through the Chicopee Public Schools, and MASSACHUSETTS DEPARTMENT OF EDUCATION<br>　　　　　Defendants | Case No: 05-30158 |

**ANSWER OF THE DEFENDANT, THE CITY OF CHICOPEE**
**Acting Through the Chicopee Public Schools**

**INTRODUCTION**

The Defendant, City of Chicopee, Acting through the Chicopee Public Schools, (hereinafter "Chicopee") states that no response is required to the Plaintiffs' introduction since it fails to state any claims against the Defendant. To the extent that the Plaintiffs intend to raise claims against Chicopee, the Defendant denies all such allegations.

**PARTIES**

1. The Defendant admits the allegations contained in Paragraph 1 of the Plaintiffs' Complaint.

2. The Defendant admits the allegations contained in Paragraph 2 of the Plaintiffs' Complaint.

3. The Defendant admits the allegations contained in Paragraph 3 of the Plaintiffs' Complaint.

276825.1

3.(sic)   In response to the second paragraph numbered 3, Chicopee admits that it is a municipality of the Commonwealth of Massachusetts responsible for providing the minor plaintiff with a free appropriate public education in the least restrictive environment consistent with state and federal law. Chicopee denies all remaining allegations in the second paragraph numbered 3.

4.   Chicopee states that no response is required to Paragraph 4 since it fails to state allegations against this Defendant.

## JURISDICTION

5.   The Defendant admits the allegations contained in Paragraph 5 of the Plaintiffs' Complaint.

## FACTS

6.   The Defendant admits the allegations contained in Paragraph 6 of the Plaintiffs' Complaint.

7.   The Defendant denies the allegations contained in Paragraph 7 of the Plaintiffs' Complaint.

8.   A.-C.   In response to Paragraph 8, Chicopee denies the relevance or materiality of the statements made in Paragraphs 8 A., B. & C and states that no answer is required since it fails to state allegations against this Defendant.

9.   In response to Paragraph 9, Chicopee denies the relevance or materiality of the statements made by the Plaintiffs and states that no answer is required since it fails to state allegations against this Defendant.

10.   Chicopee admits that a hearing on the Parents' original request for a BSEA hearing relative to the 2003-2004 IEP occurred in January and February 2004 before Hearing Officer Lindsay Byrne but denies the relevance or materiality of the Plaintiffs' statement.

11. Chicopee admits that Hearing Officer Lindsay Byrne rendered a decision in favor of the parents on or about April 7, 2004 relative to the 2003-2004 school year, but denies the relevance or materiality of this fact in the instant case.

12. In response to Paragraph 12, Chicopee denies the relevance or materiality of the Plaintiffs' statement and states that no answer is required since it fails to state allegations against this Defendant.

13. In response to Paragraph 13, Chicopee denies the relevance or materiality of the Plaintiffs' statement and states that no answer is required since it fails to state allegations against this Defendant.

14. The Defendant admits the allegations contained in Paragraph 14 of the Plaintiffs' Complaint.

15. In response to Paragraph 15, Chicopee states that the minor plaintiff's special education TEAM was convened on July 12, 2004, including the parents and their counsel, for the purpose of developing the minor plaintiff's 2004-2005 IEP, not merely to discuss services for the minor plaintiff. Chicopee further denies the relevance or materiality of the statement in Paragraph 15 of the Plaintiffs' Complaint.

16. The Defendant denies the allegations contained in Paragraph 16 of the Plaintiffs' Complaint.

17. The Defendant admits the allegations contained in Paragraph 17 of the Plaintiffs' Complaint. The Defendant further denies the relevance or materiality of the statement in Paragraph 17.

18. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 of the Plaintiffs' Complaint but calls upon

the Plaintiffs to prove the same. The Defendant further denies the relevance or materiality of the statement in Paragraph 18.

19. In response to Paragraph 19, Chicopee states that it made its Brighter Beginnings Program available for the parents to observe beginning in August 2004. Chicopee also fully cooperated in having the parents' expert, Dr. Kemper, observe the program. Upon information and belief, Dr. Kemper originally asked to observe the program on November 19, 2004 when the students were taking the MCAS testing. It was necessary, therefore, for Dr. Kemper to reschedule his observation to his next available date in 2005. Chicopee denies that it ever revoked permission for Dr. Kemper or the parents to observe the program. Chicopee further denies the relevance or materiality of the statement in Paragraph 19.

20. In response to Paragraph 20, Chicopee admits that it filed a Request for Hearing with the Bureau of Special Education Appeals (BSEA) seeking to have the BSEA adjudicate the appropriateness of the Brighter Beginnings Program for the minor plaintiff for the 2004-2005 school year and to cease funding the stay-put placement. Chicopee denies the relevance or materiality of the statement in Paragraph 20.

21. In response to Paragraph 21, Chicopee admits that the BSEA initially assigned Hearing Officer Joan Beron to this case and later assigned Hearing Officer William Crane. Chicopee further denies the relevance or materiality of the statement in Paragraph 21.

22. The Defendant admits the allegations contained in Paragraph 22 of the Plaintiffs' Complaint. The Defendant further denies the relevance or materiality of the statement in Paragraph 22.

23. The Defendant admits the allegations contained in Paragraph 23 of the Plaintiffs' Complaint. The Defendant further denies the relevance or materiality of the statement in Paragraph 23.

24. The Defendant admits the allegations contained in Paragraph 24 of the Plaintiffs' Complaint. The Defendant further denies the relevance or materiality of the statement in Paragraph 24.

25. The Defendant admits the allegations contained in Paragraph 25 of the Plaintiffs' Complaint. The Defendant further denies the relevance or materiality of the statement in Paragraph 25.

26. In response to Paragraph 26, Chicopee denies the relevance or materiality of any statements made by Hearing Officer Joan Beron during a phone conference with the parties and as such denies the same. Chicopee further states that the BSEA notices of April 15, 2005 and April 22, 2005 speak for themselves regarding the procedural matters addressed in the Notices of Hearing.

27. The Defendant admits the allegations contained in Paragraph 27 of the Plaintiffs' Complaint. The Defendant further denies the relevance or materiality of the statement in Paragraph 27.

28. The Defendant admits the allegations contained in Paragraph 28 of the Plaintiffs' Complaint. The Defendant further denies the relevance or materiality of the statement in Paragraph 28.

29. In response to Paragraph 29, Chicopee states that the statements of Hearing Officer Crane speak for themselves and cannot be verified without a copy of the hearing transcript. Chicopee further states that Hearing Officer Crane correctly limited his decision to the evidence presented at the 2005 hearing and did not relitigate BSEA matter no. 04-0093.

               Chicopee denies all further characterizations of Mr. Crane's statements or expectations at hearing and further denies the relevance or materiality of Paragraph 29.

30. In response to Paragraph 30, Chicopee states that the transcript of BSEA hearing no. 05-2920 speaks for itself. Chicopee is not in possession of a copy of the transcript but will supplement this response upon receipt and review thereof.

31. In response to Paragraph 31, Chicopee admits that the parents filed the motion referenced in Paragraph 31 and that the motion was denied by Hearing Officer Crane. Chicopee denies the relevance of the prior BSEA decision no. 04-0093 and states that the hearing officer correctly adjudicated BSEA no. 05-2920 based on the evidence presented at that hearing only. Chicopee further denies the relevance or materiality of the Plaintiffs' statement in Paragraph 31.

32. Chicopee objects to Paragraph 32 since it is convoluted and cannot adequately be understood to permit Chicopee to either admit or deny the statement. Chicopee further denies the relevance or materiality of the statement in Paragraph 32 of the Plaintiffs' Complaint.

33. In response to Paragraph 33, Chicopee states that it has not been provided with a copy of the hearing transcript in the underlying matter to either admit or deny the allegation stated in Paragraph 33 of the Complaint. Chicopee does not recall the parent making an argument consistent with Paragraph 33 but will supplement its answer following receipt and review of the underlying hearing transcript. Chicopee further denies the accuracy of the legal opinions raised in Paragraph 33 and the relevance and materiality of the statement made in Paragraph 33.

34. In response to Paragraph 34, Chicopee admits that READ 180 is appropriate for the minor plaintiff and that its counsel argued the appropriateness of READ 180 at hearing of the

underlying matter. Chicopee is not yet in possession of a copy of the transcript of the underlying hearing and, as such, cannot either admit or deny the specific allegations made in Paragraph 34. Chicopee reserves the right to supplement this response following receipt and review of the transcript. Chicopee further denies the relevance, materiality, and characterization of the statements allegedly made by Chicopee or its counsel in the underlying BSEA matter.

35. Chicopee admits that the parents' aforementioned motion was denied by Hearing Officer William Crane but can neither admit nor deny the remaining allegations in Paragraph 35 without receipt and review of the underlying BSEA hearing transcript. Chicopee further denies the relevance and materiality of Paragraph 35.

36. In response to Paragraph 36, Chicopee can neither admit nor deny the allegations since it has yet to receive a copy of the underlying hearing transcript. Chicopee will supplement this response upon receipt and review of the underlying transcript. Chicopee further denies the relevance and materiality of Paragraph 36.

37. In response to Paragraph 37, Chicopee can neither admit nor deny the allegations since it has yet to receive a copy of the underlying hearing transcript. Chicopee will supplement this response upon receipt and review of the underlying transcript. Chicopee further denies the relevance and materiality of Paragraph 37.

38. In response to Paragraph 38, Chicopee admits that the hearing officer issued a decision in the underlying matter, finding that the 2004-2005 IEP developed by Chicopee was reasonably calculated to provide the minor plaintiff with a free appropriate public education in the least restrictive environment on or about June 8, 2005. Chicopee further states that the hearing officer's decision speaks for itself and denies the relevance and materiality of the remaining allegations in Paragraph 38.

## **LEGAL CLAIM**

39. The Defendant hereby repeats and incorporates by reference its answers to Paragraphs 1 through 38 above. Chicopee denies the remainder of the allegations contained in Paragraph 39.

40. The Defendant denies the allegations contained in Paragraph 40 of the Plaintiffs' Complaint.

41. The Defendant denies the allegations contained in Paragraph 41 of the Plaintiffs' Complaint.

42. The Defendant denies the allegations contained in Paragraph 42 of the Plaintiffs' Complaint.

43. The Defendant denies the allegations contained in Paragraph 43 of the Plaintiffs' Complaint.

44. The Defendant denies the allegations contained in Paragraph 44 of the Plaintiffs' Complaint.

45. The Defendant denies the allegations contained in Paragraph 45 of the Plaintiffs' Complaint.

46. The Defendant denies the allegations contained in Paragraph 46 of the Plaintiffs' Complaint.

47. The Defendant denies the allegations contained in Paragraph 47 of the Plaintiffs' Complaint.

48. The Defendant denies the allegations contained in Paragraph 48 of the Plaintiffs' Complaint.

49. The Defendant denies the allegations contained in Paragraph 49 of the Plaintiffs' Complaint.

50. The Defendant denies the allegations contained in Paragraph 50 of the Plaintiffs' Complaint.

51. The Defendant denies the allegations contained in Paragraph 51 of the Plaintiffs' Complaint.

## REQUESTED RELIEF

WHEREFORE, Chicopee respectfully requests that this Honorable Court deny the relief sought by the Plaintiffs in their complaint and award Chicopee reimbursement of its attorney's fees and costs expended in defending this patently frivolous suit, consistent with the Reauthorization of the Individuals with Disabilities Education Act of 2004 set forth at 20 USC §1400 et seq. and regulations promulgated thereunder.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Defendant states that this action was not commenced within the time required by the laws made and provided therefore.

### SECOND DEFENSE

The Plaintiffs have failed to set forth a claim against the Defendant upon which relief can be granted.

### THIRD DEFENSE

The Defendant states that this matter should be dismissed since it is wholly insubstantial, frivolous, and not advanced in good faith. The Defendant specifically reserves the right to move for an award of counsel fees, costs and expenses incurred herein.

### FOURTH DEFENSE

The Plaintiffs have not suffered any actual damages, wherefore, this claim should be dismissed.

## FIFTH DEFENSE

The Defendant states that this Complaint should be dismissed since the Plaintiffs have failed to establish the requisite elements for injunctive relief.

## SIXTH DEFENSE

The Defendant hereby gives notice that it intends to rely upon such other and further defenses as may become available or apparent during the discovery proceedings and, thereby, reserves the right to amend this Answer to assert any such defenses.

FOR DEFENDANT,
CITY OF CHICOPEE
ACTING THROUGH THE
CHICOPEE PUBLIC SCHOOLS

By  */s/Claire L. Thompson*
_____
Claire L. Thompson, Esq.
Doherty, Wallace, Pillsbury
 & Murphy, P.C.
1414 Main Street, 19th Floor
Springfield, MA  01144
Phone:  (413) 733-3111
Fax:    (413) 734-3910
B.B.O. No:  550262

CERTIFICATE OF SERVICE

I certify that this document has been served upon all counsel of record in compliance with F.R.C.P., on July 26, 2005.

*/s/Claire L. Thompson*
_____
Claire L. Thompson