UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KAITLYN T.; DAVID THARALDSON; )
DIANE THARALDSON, )
 )
      Plaintiffs, )
 )
v. )    CIVIL ACTION NO. 05-30158-MAP
 )
THE CITY OF CHICOPEE Acting through )
The Chicopee Public Schools and )
MASSACHUSETTS DEPARTMENT OF )
EDUCATION, )
 )
      Defendants. )

## DEFENDANT MASSACHUSETTS DEPARTMENT OF EDUCATION'S ANSWER TO PLAINTIFFS' "COMPLAINT FOR JUDICIAL REVIEW"

Defendant Massachusetts Department of Education ("Department") – by and through the Attorney General of the Commonwealth of Massachusetts, its counsel – answers the indicated paragraphs of the *Complaint for Judicial Review* (docket, paper no. 1) filed by plaintiffs Kaitlyn T., David Tharaldson, and Diane Tharaldson as set forth below. Furthermore, the Department shall, by way of answer, file a certified copy of the record of the administrative proceeding before the Bureau of Special Education Appeals ("BSEA").

["**INTRODUCTION**"]

[unnumbered ¶]   This paragraph merely characterizes the action and therefore no response is required. To the extent that this paragraph summarizes allegations made in other paragraphs, the Department adopts by reference its respective answers to those allegations as if fully set forth here.

["**PARTIES**"]

1.   The Department is without knowledge or information sufficient to form a belief as to the truth of the allegation(s), contained in this paragraph, that Kaitlyn T. "resides at 182 Poplar Street, Chicopee, Massachusetts[.]" The Department admits the remaining allegations contained in this paragraph.

2.   The Department is without knowledge or information sufficient to form a belief as to the truth of the allegation(s), contained in this paragraph, that David Tharaldson "resides at 182 Poplar Street, Chicopee, Massachusetts[.]" The Department admits the remaining allegations contained in this paragraph.

3.   The Department is without knowledge or information sufficient to form a belief as to the truth of the allegation(s), contained in this paragraph, that Diane Tharaldson "resides at 182 Poplar Street, Chicopee, Massachusetts[.]" The Department admits the remaining allegations contained in this paragraph.

3 [second].   The Department admits the allegation(s), contained in this paragraph, that "[t]he Defendant, the City of Chicopee, is a municipality of the Commonwealth of Massachusetts[.]" The remaining allegations contained in this paragraph are statement or conclusions of law to which the Department is not required to respond.

4. The Department admits the allegations contained in the first sentence of this paragraph. The Department denies the allegation, contained in the second sentence of this paragraph, that "[t]he [Department] is charged with operating the Bureau of Special Education Appeals ("BSEA")[.]" The Department admits the remaining allegations contained in the second sentence of this paragraph. The Department admits the allegations contained in the third sentence of this paragraph.

["**JURISDICTION**"]

5. The allegations contained in these paragraphs are statements or conclusions of law to which the Department is not required to respond.

["**FACTS**"]

6. The Department admits the allegations contained in this paragraph.

7. The Department denies the allegation(s), contained in this paragraph, that the parents filed the request for a hearing on "June 30, 2001[.]" The Department admits the remaining allegations contained in this paragraph.

8. The allegations contained in this paragraph merely characterize a document(s) which speaks for itself and therefore the Department is not required to respond.

9. The allegations contained in this paragraph merely characterize a document(s) which speaks for itself and therefore the Department is not required to respond.

10. The Department admits the allegations contained in this paragraph.

11. The Department admits the allegations contained in this paragraph.

12. The Department admits the allegations contained in this paragraph.

13. The Department admits the allegations contained in this paragraph.

14. The Department denies the allegation(s), contained in this paragraph, that the Chicopee Public Schools filed its request for judicial review "[o]n or about May 7, 2004[.]" The Department admits the remaining allegations contained in this paragraph.

15. The Department is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

16. The Department is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

17. The Department admits the allegations contained in this paragraph.

18. The Department is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

19. The Department is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

20. The Department admits the allegations contained in this paragraph.

21. The Department admits the allegations contained in this paragraph.

22. The Department admits the allegations contained in this paragraph.

23. The Department admits the allegations contained in this paragraph.

24. The Department admits the allegations contained in this paragraph.

25. The Department admits the allegations contained in this paragraph.

26. The Department is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and second sentences of this paragraph. The allegations contained in the third sentence of this paragraph merely characterize documents which speak for themselves and therefore the Department is not required to respond.

27. The Department admits the allegations contained in this paragraph.

28. The Department admits the allegations contained in this paragraph.

29. The Department is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

30. The Department denies the allegations contained in the first sentence of this paragraph. The Department admits the allegations contained the second sentence of this paragraph.

31. The Department admits the allegations contained in this paragraph.

32. The Department is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

33. The Department is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

34. The Department is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

35. The Department admits the allegation(s), contained in this paragraph, that the parents' motion was denied by William Crane on May 6, 2005. The Department is without knowledge or information sufficient to form a belief as to the truth of the allegation(s), contained in this paragraph, that the motion was denied after the lunch break. The remaining allegation(s), contained in this paragraph, merely characterize a document(s) which speaks for itself and therefore the Department is not required to respond.

36. The Department is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

37. The Department admits the allegations contained in this paragraph.

38.  The Department admits the allegations contained in this paragraph.

["**LEGAL CLAIMS**"]

39.  The allegations contained in this paragraph are statements or conclusions of law to which the Department is not required to respond.

40.  The allegations contained in this paragraph are statements or conclusions of law to which the Department is not required to respond.

41.  The allegations contained in this paragraph are statements or conclusions of law to which the Department is not required to respond.

42.  The allegations contained in this paragraph are statements or conclusions of law to which the Department is not required to respond.

43.  The allegations contained in this paragraph are statements or conclusions of law to which the Department is not required to respond.

44.  The allegations contained in this paragraph are statements or conclusions of law to which the Department is not required to respond.

45.  The allegations contained in this paragraph are statements or conclusions of law to which the Department is not required to respond.

46.  The allegations contained in this paragraph are statements or conclusions of law to which the Department is not required to respond.

47.  The allegations contained in this paragraph are statements or conclusions of law to which the Department is not required to respond.

48.  The allegations contained in this paragraph are statements or conclusions of law to which the Department is not required to respond.

49. To the extent that the allegations contained in this paragraph may be construed to be statements or conclusions of law, the Department s not required to respond to them. To the extent that the allegations contained in this paragraph may be construed to a request for relief, the Department requests that the relief be denied.

50. The allegations contained in this paragraph are statements or conclusions of law to which the Department is not required to respond.

51. The allegations contained in this paragraph are statements or conclusions of law to which the Department is not required to respond.

["**REQUESTED RELIEF**"]

A. The Department requests that the Court deny the relief requested by the plaintiffs.

B. The Department requests that the Court deny the relief requested by the plaintiffs.

C. The Department requests that the Court deny the relief requested by the plaintiffs.

AFFIRMATIVE DEFENSE

Further answering, the Department asserts the following affirmative defense: The BSEA, which rendered the decision under review in this action, is an independent agency within the Department and is the proper state defendant in this action.

## CONCLUSION

Wherefore, the Department respectfully requests that this Court (1) substitute the BSEA for the Department as the state defendant in this action and thereafter (2) enter a final judgment in favor of the state defendant (a) dismissing with prejudice this civil action or, in the alternative, affirming the June 8, 2005, decision under review, and, in either event, (b) awarding the state defendant its costs incurred in defending this civil action, and (3) grant the state defendant such other relief as this Court finds just and reasonable.

By its attorney,

THOMAS F. REILLY
ATTORNEY GENERAL

By: /s/ James S. Whitcomb
James S. Whitcomb
Assistant Attorney General
Western Massachusetts Division
1350 Main Street
Springfield, MA 01103-1629
(413) 784-1240, ext. 113 (telephone no.)
(413) 784-1244 (facsimile no.)
B.B.O. No. 557768

DATED: August 2, 2005.

8

## CERTIFICATE OF SERVICE

I, James S. Whitcomb, Assistant Attorney General, hereby certify that on this 2nd day of August 2005, I served the foregoing *Defendant Massachusetts Department of Education's Answer to Plaintiffs' "Complaint for Judicial Review"* on all parties by mailing, by first class mail, postage prepaid, a true copy of the document to each of the following:

Derek M. Beaulieu, Esquire
1242 Main Street, Suite 306
Springfield, MA 01103

Claire L. Thompson, Esquire
Doherty, Wallace, Pillsbury
 & Murphy, P.C.
One Monarch Place
1414 Main Street, 19th Floor
Springfield, MA 01144

_____
James S. Whitcomb