IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

Case Number: **05-30158**

| |
|---|
| DAVID T. As Parent and next friend of Kaitlyn T.,     Plaintiff<br><br>v.<br><br>CITY OF CHICOPEE, Acting through the Chicopee Public Schools and MASSACHUSETTS DEPARTMENT OF EDUCATION,     Defendants |

**JOINT MOTION OF THE PLAINTIFF AND THE CITY OF CHICOPEE TO ENLARGE TIME FOR FILING MOTIONS FOR SUMMARY JUDGMENT**

Now come the plaintiffs and the City of Chicopee ("Chicopee") in the above-entitled matter and respectfully request that this Honorable Court enlarge the time for the filing of motions for summary judgment to permit the plaintiffs and the City of Chicopee an opportunity to pursue settlement or adjudication of the disputed issues through the Bureau of Special Education Appeals ("the Bureau or the BSEA").

This matter arises out of a complaint for judicial review of an underlying decision rendered by the Bureau on June 8, 2005 ("the underlying matter"). Hearing of the underlying matter adjudicated the appropriateness of Chicopee's 2004-2005 Individualized Educational Plan for the minor plaintiff. The Hearing Officer ruled that Chicopee's 2004-2005 IEP was consistent with the recommendations of the plaintiffs' independent evaluator and "tailored to address the student's unique needs in a way reasonably calculated to enable her to make meaningful and

effective educational progress in the least restrictive environment". The plaintiffs dispute the hearing officer's findings and conclusions relative to the 2004-2005 IEP.

The minor plaintiff was unilaterally placed at the White Oak School by her parents for the 2005-2006 school year. The parents are of the opinion that Chicopee is obligated to fund the student's private school placement during the pendency of the above-entitled appeal. The plaintiffs argue that the White Oak School is legally the student's "current educational placement" since the parents prevailed at a BSEA hearing adjudicating the appropriateness of Chicopee's 2003-2004 IEP. Chicopee, on the other hand, interprets special education law to the contrary, since Chicopee prevailed at hearing relative to the most recent IEP for 2004-2005. Chicopee argues that it no longer has any funding obligations relative to the White Oak placement.

Counsel for the plaintiffs and counsel for Chicopee have agreed to submit this narrow legal issue to the Bureau for a legal interpretation of the minor plaintiff's "current educational placement" and the current fiscal obligations of the parties. The plaintiffs and Chicopee anticipate that the Bureau's Opinion regarding this issue will, more likely than not, resolve the above-entitled appeal and obviate the necessity for preparing motions for summary judgment.

The current deadlines for the filing of motions for summary judgment are: November 22, 2005 for the plaintiffs; and January 18, 2006, for the defendants. The plaintiffs and Chicopee request that the Court enlarge the plaintiffs' filing deadline to January 15, 2006, with Chicopee and the Department of Education to file their oppositions and motions for summary judgment on or before March 15, 2006.

WHEREFORE, the plaintiffs and Chicopee hereby jointly move to enlarge the time for filing motions for summary judgment to permit them an opportunity to settle this dispute through the Bureau of Special Education Appeals.

| | |
|---|---|
| By<br>Derek Beaulieu, Esq.<br>For Defendants<br>David T. As Parent and next friend of Kaitlyn T. | By<br>Claire L. Thompson, Esq.<br>For Plaintiff,<br>City Of Chicopee Acting Through The Chicopee Public Schools |
| /s/*Derek Beaulieu*<br>_____ | /s/ *Claire L. Thompson*<br>_____ |

Dated: November 16, 2005