IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

WESTERN DIVISION

| | |
|---|---|
| DAVID T. As Parent and next friend of Kaitlyn T.,<br>     Plaintiff<br><br>v.<br><br>CITY OF CHICOPEE, Acting through the Chicopee Public Schools, and MASSACHUSETTS DEPARTMENT OF EDUCATION,<br>     Defendants | Case No: 05-30158 |

**STATEMENT OF UNDISPUTED MATERIAL FACTS OF THE DEFENDANT, CITY OF CHICOPEE, ACTING THROUGH THE CHICOPEE PUBLIC SCHOOLS, IN OPPOSITION TO THE PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND IN SUPPORT OF THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

1. The Bureau of Special Education Appeals administrative hearing decision of hearing officer Lindsay Byrne relative to Chicopee's 2003-2004 IEP for the Student is not included within the Administrative Record and cannot be considered in this appeal. (*See*, A.R. Vols. I, I & III).

2. Bureau of Special Education Appeals hearing officer William Crane rendered his decision in the underlying BSEA matter based solely on the evidentiary record, regarding the appropriateness of the 2004-2005 IEP for Student, and did not consider the evidentiary record relative to the 2003-2004 dispute. (*See*, A.R. Vols. I at 199).

3. The 2004-2005 IEP called for the Student's placement in a newly developed program, called the Brighter Beginnings Program, which was separate and distinct from the program proposed for the Student for the 2003-2004 school year. (A.R. Vol. I at 199).

303893.1

4. The stipulated issues adjudicated by hearing officer Crane relative to the 2004-2005 IEP were different from those adjudicated by hearing officer Byrne relative to the 2003-2004 IEP. (A.R. Vol. I at 198 & 199).

5. Chicopee proposed a uniquely different educational program for the Student in the 2004-2005 IEP which had never been previously proposed for the Student. (A.R. Vol. I at 199).

6. Following three days of hearing, (A.R. Vol. I at 197), hearing officer Crane determined that Chicopee had met its burden of proof in establishing that the 2004-2005 IEP for the Student was reasonably calculated to provide her with a free appropriate public education, consistent with state special education regulations. (A.R. Vol. I at 213-225).

7. Mr. Crane found that the 2004-2005 IEP was "tailored to address [the Student's] unique needs in a way reasonably calculated to enable her to make meaningful and effective educational progress in the least restrictive environment". (A.R. Vol. I at 225).

8. Hearing officer Crane fully credited the testimony of Chicopee's expert witness, Dr. Judith Souweine, and discounted that of the Plaintiffs' expert, Dr. Robert Kemper. (A.R. Vol. I at 214-216).

9. After observing approximately 100 programs for students with language-based learning disabilities, Dr. Souweine opined that the Brighter Beginnings Program developed by Chicopee and recommended for the Student could appropriately address the Student's needs in the least restrictive environment. (A.R. Vol. I at 209-212).

10. Dr. Souweine found that the services proposed for the Student by Chicopee would address each of her individualized special education needs and permit her to make substantial progress. (A.R. Vol. I at 211-212, par. 66 & 68).

11.   The Brighter Beginnings Program was in substantial conformance with the recommendations of the Parents' expert, Dr. Kemper, regarding the student/teacher ratio, and all aspects of the instructional model. (A.R. Vol. I at 212, 216-219).

12.   Mr. Crane further credited the testimony of Chicopee's Brighter Beginnings teachers and noted the consistency between the teaching techniques used at the private White Oak School and the Brighter Beginnings Program. (A.R. Vol. I at 205-206).

13.   Mr. Crane found that Chicopee's 2004-2005 IEP for the Student included specially designed instruction to meet the Student's individual needs, to allow the Student access to the general curriculum, and to progress effectively in the content areas of the curriculum consistent with state regulations. (A.R. Vol. I at 225).

14.   Mr. Crane made detailed factual findings, supported by the evidence, relative to each disputed issue between the parties. (A.R. Vol. I at 217-220).

FOR DEFENDANT,
CITY OF CHICOPEE ACTING
THROUGH THE CHICOPEE PUBLIC
SCHOOLS

By */s/ Claire L. Thompson*
 Claire L. Thompson, Esq.
 Doherty, Wallace, Pillsbury
  & Murphy, P.C.
 1414 Main Street, 19th Floor
 Springfield, MA  01144-1900
 Phone:  (413) 733-3111
 Fax:    (413) 734-3910
 B.B.O. No:  550262