IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

WESTERN DIVISION

| | |
|---|---|
| DAVID T. As Parent and next friend of Kaitlyn T.,<br>      Plaintiff<br><br>v.<br><br>CITY OF CHICOPEE, Acting through the Chicopee Public Schools, and MASSACHUSETTS DEPARTMENT OF EDUCATION,<br>      Defendants | Case No: 05-30158 |

## DEFENDANT, CITY OF CHICOPEE'S, OPPOSITION TO THE PLAINTIFF'S MOTION TO CONTINUE DATE FOR ORAL ARGUMENT

Chicopee Public Schools ("Chicopee") opposes any postponement of the May 31, 2006 hearing date scheduled on the parties' cross motions for summary judgment and Chicopee's Motion for Preliminary Injunction. If, in fact, counsel for the plaintiff is not available on May 31st, Chicopee would respectfully request that hearing be scheduled on an earlier date for the reasons set forth in Chicopee's Motion for Preliminary Injunction. It is Chicopee's position that the parents and their counsel have unreasonably protracted this dispute in an effort to extend the potential use of public funds for the parents' unilateral private placement.

Chicopee prevailed at hearing of the underlying matter before the Bureau of Special Education Appeals in June 2005. Hearing officer William Crane ("Mr. Crane") concluded that Chicopee had succeeded in developing a language-based program appropriate to address the needs of the student through its Brighter Beginnings Program located at Chicopee High School. Despite the express endorsement of the program by the hearing officer, the parents appealed the hearing officer's decision to the U.S. District Court and unilaterally enrolled the student at the White Oak School for

309814.1

the 2005-2006 school year. The parents have taken the position that Chicopee remains obligated to fund the White Oak School pending this Court's ruling on their appeal[1]. Chicopee disputes the parents' position and cites the case of *Doe v. Brookline School Committee*, 722 F. 2d 910 (1st Cir. 1983) which involved a highly analogous dispute between the parent and the school committee and addressed the district's concern regarding frivolous IEP appeals. The Court wrote:

> "Merely by filing an appeal, parents can obtain the exact relief requested – maintenance of a publicly funded private placement – and be insulated from reimbursement claims even though the public IEP is later ruled to be valid. We cannot believe that Congress intended such an outcome, especially since it subverts the substantive core of the Act – the cooperative IEP process – and results in a private appropriation of public monies." *Id.* at 916-917.

The *Brookline* decision cites the case of *Town of Burlington v. Department of Education of Massachusetts*, 655 F. 2d, 428, 433-434 (1st Cir. 1981) for the principle that a motion for preliminary injunction is the proper procedure for determining which party will bear the interim cost for maintaining a private placement. *Id.* at 917. Chicopee filed its Motion for Preliminary Injunction to specifically have this issue addressed. In the event that this Court agrees with the parents regarding the funding for the 2005-2006 school year, Chicopee seeks to establish a firm date on which any such obligation will cease.

The parents have repeatedly requested time extensions in this case in a transparent attempt to prolong the appeal process. The parents' motives are contrary to any possible intent that Congress had in enacting the Individuals with Disabilities Education Act. The parents' improper motivation is further buttressed by the highly frivolous nature of the appeal. There is a high likelihood that Chicopee will prevail on the merits of the appeal and a need to expedite, rather than postpone, the Court's consideration of both the Motions for Summary Judgment and Chicopee's Motion for Preliminary Injunction.

---

[1] Clearly, the parents' position is served by any further delays in the scheduling of oral argument.

309814.1                                          2

As discussed in its Motion for Summary Judgment, Chicopee is irreparably harmed by each passing day that the motions have not been decided. Chicopee faces the real and substantive burden of depleting public funds to continue to pay for a private unilateral placement, where it has already demonstrated that its Brighter Beginnings Program is appropriate to address the student's needs. Moreover, with the end of the 2005-2006 school year fast approaching – and in view of the fact that the parents have rejected two successive IEPs calling for the student's placement in Brighter Beginnings – Chicopee faces the prospect of this dispute carrying over into the 2006-2007 school year. Chicopee also faces the prospect of continued and costly litigation where, the parents have unreasonably protracted this dispute and, in Chicopee's opinion, misused the judicial process to avoid funding their unilateral placement of the student at the White Oak School.

WHEREFORE, Chicopee respectfully requests that oral argument on the parties' Motions for Summary Judgment and Chicopee's Motion for Preliminary Injunction be scheduled at the Court's earliest opportunity. Chicopee is available to participate in oral argument on any of the following dates and times: May 5th (anytime), May 8th (after 2:00 p.m.), May 9th (after 2:30 p.m.) May 11th (after 10:30 a.m.), May 12th (anytime), May 19th (after 11:00 a.m.) May 22nd (anytime), May 24th (anytime) May 25th (anytime), May 26th (anytime), May 29th (anytime), May 30th (anytime).

                                             FOR DEFENDANT,
                                             CITY OF CHICOPEE ACTING
                                             THROUGH THE CHICOPEE PUBLIC
                                             SCHOOLS

                                             */s/ Claire L. Thompson*
                            By _____
                                             Claire L. Thompson, Esq.
                                             Doherty, Wallace, Pillsbury
                                             & Murphy, P.C.
                                             1414 Main Street, 19th Floor
                                             Springfield, MA  01144
                                             Phone:  (413) 733-3111
                                             Fax:   (413) 734-3910
                                             B.B.O. No:  550262

Dated: May 3, 2006