UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID T. As parent and next friend of KAITLYN T.<br>　　　　　　　　　Plaintiff<br><br>v.<br><br>CITY OF CHICOPEE acting through CHICOPEE PUBLIC SCHOOLS, and MASSACHUSETTSDEPARTMENT OF EDUCATION<br>　　　　　　　　　Defendants | )<br>)<br>)<br>)<br>) CIVIL ACTION NO. 05-30158<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### PLAINTIFF'S MOTION IN OPPOSITION TO CHICOPEE'S MOTION TO STRIKE AND FOR SANCTIONS

The Plaintiff in the above-captioned proceeding is now forced to respond not only to the Motion to Strike but to the allegations made by the Defendant's counsel for Sanctions.

The Defendant now comes before this court asking for sanctions for an alleged breach of confidentiality from the Advisory Opinion process that the parties voluntarily entered into before the Bureau of Special Education Appeals. The parents point out that the agreement states that the hearing officer, who conducted the Advisory Opinion, is the individual who is to determine whether a breech of confidentiality occurred and whether sanctions are applicable. Thus, the request for sanctions, before this court, is entirely inapplicable.

Turning to the Defendant's request to strike portions of the parent's opposition, the parents respond that the information they provided is completely relevant and material given that the Defendant is the party who violated the spirit of the mediation and acted in bad faith by bringing its Motion for Preliminary Injunctive relief when the proceedings before the BSEA have not been completed.

As stated in the Parent's Opposition to Preliminary Injunctive Relief, the Parents filed a Request for Hearing with the BSEA on the issue of stay put. The Advisory Opinion process was merely an attempt by the parties to mediate the issue. The Advisory Opinion process is geared to settle matters before it reaches full hearing before the BSEA. This means that if the Advisory Opinion does not settle that matter then it goes to the next step, full hearing. However, the parents have not received a ruling on the issue before the BSEA.[1]

Given the way the process works, the school district's decision to file its motion, directly on the heals of an Advisory Opinion, wherein it was informed of an immediate obligation, is an apparent attempt to side step a BSEA final decision. The fact that Attorney Thompson has attempted to remove this matter from the BSEA, when clearly a final decision has not been rendered, is bad faith. All the while the school district is refusing to pay for White Oak School and provide transportation despite an immediate obligation. This is the definition of bad faith.

Yet it is the school district's assertion that the parents are acting in bad faith for making reference to the Advisory Opinion in the Plaintiff's fact pattern and providing the legal memorandum it submitted before the BSEA. The parents assert that they were entitled to reference this matter in part to show that the process had not been exhausted, but also to show bad faith and motive of the school district in attempting to side step the BSEA process. As the agreement for the Advisory Opinion states the parties agree to "participate in the process in good faith." The parents strongly assert that the School District's actions, namely allowing the parents

---

[1] On April 28th 2006, the BSEA hearing officer, Sara Berman, conducted a phone with the respective parties regarding scheduling a BSEA hearing on the matter. Attorney Thompson stated that she had no idea the parents were entitled to a final decision beyond the Advisory Opinion process. She had already filed her motions for Preliminary Injunctive Relief on April 26th 2006. Ironically, the School District's attorney has stated she believes her client the Chicopee Public Schools is obligated to pay for the placement, at least up to the point when the appeal had been decided, and that Judge Ponsor would most likely make that ruling. The BSEA Hearing Officer agreed that the parents are entitled to a hearing and that one would proceed absent any other intervening motions to withdraw.

to pay for the services of an attorney to prepare a memorandum and spend a day litigating the issue, then filing a motion in this court asking this court to decide the same issue, while attempting to not only pretend the whole Advisory Opinion process never happened, but sanction them for making reference to it, is not good faith.

The School District has also asked that the Parent's Memorandum which was submitted during the Advisory Opinion Process be stricken. The parents point out that the School District brought the same issues before this court as were before the BSEA. The documents and materials it used during the advisory opinion process were the substance of its Motion for Preliminary Injunctive Relief. If the school district was genuinely acting in good faith about understanding its current obligations under the law, it would have stipulated after the Advisory Opinion Process that it had an obligation to maintain the placement, which it was asked to do by the parent's counsel. This would have exhausted the administrative process and it would have been free to appeal the matter or request a stay. However, the School District would have to pay for the 2005-2006 White Oak School placement, at least up to date, and start providing transportation. Absent that kind of stipulation, or action on behalf of the school district, this is a blatant attempt of forum shopping and avoidance of its obligation to maintain the "then current placement."

It is for obvious reasons why the School District decided to re-bring this issue in another forum. It is also obvious why the school district would like to pretend that the Advisory Opinion had never taken place. However, attempts to sanction the parent's attorney for referencing the Advisory Opinion, demonstrates the very bad faith efforts displayed by the school district in bringing this Motion in this Court in the first place. The parents also assert the school district's recent actions undermine the parent's good faith efforts to participate in the Advisory Opinion

Process in the first place.

The parent's attorney contacted Attorney Thompson as early as December 2005 regarding why the school district was not paying for the placement pursuant to 20 U.S.C. 1415(j) the "stay put" provision. When the school district's attorney responded that it had no obligation to fund the student's placement because it prevailed at the last BSEA hearing, the parent's attorney provided her with the relevant federal statute and the case law on point specifically explaining to her the school district continuing obligation while the matter is on appeal. Even after she read the case law, Attorney Thompson denied her client's obligations under 1415(j). This is despite the fact that she can produce no case law her self which would support her client's position. It was at that time that the parent's attorney suggested that the Advisory Opinion Process be used.

Specifically, the parents hoped that if Attorney Thompson presented her argument before the BSEA in a confidential setting she would then understand her client's obligation to fund the placement. The parents speculated that because Attorney Thompson did not understand how the stay put provision operated she was not advising her clients properly.[2] In other words, the parents hoped that the Advisory Opinion process would alert her clients of its current obligations, and save Attorney Thompson the embarrassment on not knowing again how stay put operates. This was especially true, because her clients went to such great lengths to sue the parents in order to force the child to return to Chicopee High School, and it was apparent they

---

[2] On the prior case after the parents prevailed at the BSEA level Attorney Thompson appealed the matter to the U.S. District Court. Attorney Thompson also filed Motion to Stay the Decision in the U.S. District Court. Attorney Thompson asserted that Chicopee had no obligation to fund the placement or the transportation until her motions to stay had been decided. The parents were forced to bring a Motion for Non-Compliance against Chicopee. The Decision was rendered for the Parents on the issue of stay put as an automatic injunction. Attorney Thompson admitted during the BSEA hearing, she did not understand "stay put" as operating as an automatic injunction, despite clear language in the decision stating this, and the *Burlington* Supreme Court decision on the issue. Thereafter, Attorney Thompson withdrew her Motions to Stay from the Federal Court.

4

though they had no further obligations. The parents ask the question, if the school district had known how stay put operates, possibly they would not have sued the parents in the first place or settled. The parents had hoped that a truer picture of the law and the facts would force her clients to see the futility of all the litigation and settle the case. By settling the matter she could also potentially have saved her clients the possibility of a devastating loss should the case be decided on appeal in favor of the parents. Additionally, if the parents proceed to the BSEA and receive a formal decision they are then entitled to attorney's fees and transportation reimbursement.

The parents would like nothing more then for this matter to be done. From the parent's perspective, this has been a nightmare. Currently, they are being constantly reminded that the tuition owed at White Oak is nine (9) months late. This is in addition to the fact that they have been providing daily transportation (two round trips) to Westfield and back every day to facilitate the schooling. Plus, they have had to legally enforce the stay put rights which should be automatic. The parents also had to get the school district to pay for the White Oak School via non compliance hearings after the first decision. The school district also appealed the first decision costing the parents considerable time and money. The parents were then forced to go through yet another entire hearing process just to get reimbursement for transportation after the first case because the school district disputed the mileage rate. Last, the school district sued the parents the following year even though the school year was essentially over. The school district has been extremely aggressive against the parents. The parents have made several attempts to go directly to the Superintendent of Schools and settle the matter. The Superintendent has rebuffed the parents on several occasions stating it was due to his counsel's advice.

The parent's point this out because it appears that the parties are hostile and incapable of working things out for them selves. The parents want this court to know that they are continually

attempting to resolve this case in every way without the involvement of this court so that they can have peace in their lives.

In summary, the parents are merely trying to enforce the stay put provision and the school districts obligation to maintain the current placement. The parents have begged for settlements which have been rebuffed. It has been the school district that has acted in bad faith by bringing its Motion for Preliminary Injunction when clearly the matter had not been decided by the BSEA. The parents assert that this Court should refuse to hear or entertain the Defendant's Motion Preliminary Injunctive in that it has failed to exhaust its administrative remedies.

|  |  |
|---|---|
| May 15, 2006 | Respectfully Submitted<br>Kaitlyn T. by her attorney<br>**/s/ Derek M. Beaulieu**<br>Derek M. Beaulieu, Esq.<br>P.O. Box 60452<br>Longmeadow MA 01116<br>BBO# 644185 |