UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| KAITLYN T.; DAVID THARALDSON; DIANE THARALDSON,<br><br>Plaintiffs,<br><br>v.<br><br>THE CITY OF CHICOPEE Acting through The Chicopee Public Schools and MASSACHUSETTS DEPARTMENT OF EDUCATION,<br><br>Defendants. | CIVIL ACTION NO. 05-30158-MAP |

## DEFENDANT MASSACHUSETTS DEPARTMENT OF EDUCATION'S OPPOSITION TO CHICOPEE'S MOTION FOR PRELIMINARY INJUNCTION

Defendant Massachusetts Department of Education (the "Department") -- by and through the Attorney General of the Commonwealth of Massachusetts, its counsel -- opposes the motion for a preliminary injunction (Docket No. 38) filed by defendant The City of Chicopee, Acting through the Chicopee Public Schools ("Chicopee").

Through its motion, Chicopee seeks an order that it is not required to fund plaintiffs' unilateral private placement of Kaitlyn T. at the White Oak School for the 2005-2006 school year unless and until this Court overturns the decision of the Bureau of Special Education Appeals ("BSEA") that is under review in this action. *Administrative Record – Documents (Volume I of III)* (Docket No. 21), pp. 196-227. While the Department fully agrees with Chicopee that this Court should render a judgment affirming the BSEA's decision under review (concerning the 2004-2005

school year), the Department is constrained to oppose the motion for a preliminary injunction because the issue of payment for the 2005-2006 school year is the subject of a matter currently pending at the BSEA, No. 06-3347 -- a fact nowhere mentioned or discussed in Chicopee's injunction papers.[1]

This civil action was filed more than ten months. More than five months ago, Chicopee together with plaintiffs requested that deadlines for filing dispositive motions in the action be extended so that Chicopee and plaintiff could pursue through the BSEA the "settlement or adjudication" of the issue of payment for the 2005-2006 school year during the pendency of the appeal. *Joint Motion of the Plaintiff and the City of Chicopee to Enlarge Time for Filing Motions*

---

[1] *Defendant's Motion for Preliminary Injunction and Request for Expedited hearing on Motion for Summary Judgment* (Docket No. 38) and *Chicopee's Memorandum of Law in Support of its Motion for Preliminary Injunction* (Docket No. 39).

*for Summary Judgment* (Docket No. 24).[2]  Now, at this late date, Chicopee seeks to skip the administrative process.[3]

>Respectfully submitted,
>
>MASSACHUSETTS DEPARTMENT
>OF EDUCATION
>
>By its attorney,
>
>THOMAS F. REILLY
>ATTORNEY GENERAL
>
>By: /s/ James S. Whitcomb
>James S. Whitcomb
>Assistant Attorney General
>Western Massachusetts Division
>1350 Main Street
>Springfield, MA 01103-1629
>(413) 784-1240, ext. 113 (telephone no.)
>(413) 784-1244 (facsimile no.)
>B.B.O. No. 557768

DATED: May 17, 2006.

---

[2] In their motion, Chicopee and plaintiffs stated that "[c]ounsel for the plaintiffs and counsel for Chicopee have agreed to submit this narrow legal issue to the Bureau for a legal interpretation of the minor plaintiff's 'current educational placement' and the current fiscal obligations of the parties. The plaintiffs and Chicopee anticipate that the Bureau's Opinion regarding this issue will, more likely than not, resolve the above-entitled appeal and obviate the necessity for preparing motions for summary judgment."

[3] A hearing will be held or the matter will be dismissed on May 26, 2006, nine days hence. Yesterday, Hearing Officer Sara Berman entered a *Ten Day Order to Show Cause*. A copy of the document is attached.

## CERTIFICATE OF SERVICE

I, James S. Whitcomb, Assistant Attorney General, hereby certify that on this 17th day of May 2006, I served the foregoing *Defendant Massachusetts Department of Education's Opposition to Chicopee's Motion for Preliminary Injunction* on both other parties by mailing, by first class mail, postage prepaid, a true copy of the document to the office of the other parties' respective counsel of record:

Derek M. Beaulieu, Esquire
P.O. Box 60452
Longmeadow, MA 01116

Claire L. Thompson, Esquire
Doherty, Wallace, Pillsbury
 & Murphy, P.C.
One Monarch Place
1414 Main Street, 19th Floor
Springfield, MA 01144

*James S. Whitcomb*
James S. Whitcomb

# COMMONWEALTH OF MASSACHUSETTS

*Bureau of Special Education Appeals*

In Re: Kaitlyn T.

&                                                                BSEA #06-3347

Chicopee Public Schools

## TEN DAY ORDER TO SHOW CAUSE

On April 20, 2006, the Parents, who are the moving parties in the above matter, filed a request to postpone the previously scheduled hearing date of April 24, 2006, and requested a telephone conference in lieu of hearing on that day. Parents' request was granted, and a telephone conference was held with counsel for both parties and the Hearing Officer on April 28, 2006. By agreement of counsel and the Hearing Officer, a second telephone conference call was scheduled for May 2, 2006, and the Hearing Officer issued an order to this effect to counsel for both parties. Neither party filed a request to postpone this conference call.

On May 2, 2006, the Hearing Officer telephoned counsel for both parties in order to initiate the conference call. Counsel for the Parents was not available by telephone at the appointed time, did not respond to a voice mail message from the Hearing Officer, and did not file a postponement request or any other correspondence with the BSEA.

In light of counsel's absence, on May 2, 2006, the Hearing Officer issued an order rescheduling the planned conference call for May 3, 2006. Once again, Parents' counsel was not available at the appointed time and did not respond to the Hearing Officer's voice mail message.

On May 4, 2006, the Hearing Officer issued an order directing the parties to file a written update on the status of the case no later than May 12, 2006. Parents did not file a status update.

To date, the BSEA has received no communication of any kind from Parents' counsel as to the status of this matter.

In light of the foregoing, this appeal will be dismissed with prejudice on May 26, 2006 for lack of prosecution, pursuant to the *Standard Adjudicatory Rules of Practice and Procedure* at 801 CMR 1.01(g)(2), and Rule XVII.C of the *Hearing Rules for Special Education Appeals*, unless, prior to that date, the moving party shows good cause why the matter should not be dismissed.

If the Hearing Officer finds good cause not to dismiss the case, the matter will proceed to a hearing on the merits on May 26, 2006.

By the Hearing Officer,

*[signature: Sara Berman]*

_May 16, 2006_
Date

## INFORMATION REGARDING AN ORDER TO SHOW CAUSE

1. When a Hearing Officer determines that a case has been inactive, the Hearing Officer may issue the above Show Cause Order.
2. Any response to the Order must be in writing and sent to the opposing party. If the party who requested the Hearing does not respond in writing within the ten (10) days, the case will be dismissed. If the party who requested the Hearing does respond in writing with the ten (10) days, then the written response must indicate reasons why the case should remain active. Upon receipt of such a written response, the Hearing Officer may decide to: keep the case open; dismiss the case; or take whatever other actions deemed appropriate.
3. If the case has been resolved through a settlement or other agreement, the party who requested the hearing must file a letter indicating that the case has been resolved within the ten (10) days.