UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DAVID T. and DIANE T., as            )
parents and next friends             )
of Kaitlyn T.,                       )
         Plaintiffs                  )
                                     )
              v.                     ) CIVIL ACTION NO. 05-30158-MAP
                                     )
.CITY OF CHICOPEE acting             )
 through the Chicopee                )
 Public Schools and                  )
 MASSACHUSETTS DEPARTMENT            )
 OF EDUCATION,            )           )
         Defendants                  )

MEMORANDUM AND ORDER REGARDING
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND
DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT
(Dkt. Nos. 27, 31, and 35)

May 22, 2006

PONSOR, D.J.

     This is an action pursuant to the Individuals with

Disabilities Education Act ("IDEA"), 20 U.S.C. §

1415(i)(2)(A).  Specifically, Plaintiffs argue that Hearing

Officer William Crane of the Massachusetts Department of

Education ("DOE"), Bureau of Special Education Appeals

("BSEA"), committed an error in his decision of June 8, 2005

when he concluded that the Individual Education Plan ("IEP")

developed by the Chicopee Public Schools for the 2004-2005

school year was reasonably calculated to provide a free

appropriate public education to Plaintiffs' daughter in the

least restrictive setting.[1]

Plaintiffs have moved for summary judgment, contending
that the undisputed facts in the record require the court to
conclude that Hearing Officer Crane's July 8, 2005 decision
was erroneous.  Defendants have filed their own motions for
summary judgment, arguing that the decision was entirely
consistent with applicable law and regulations and that the
court's obligation to accord "due weight" to educational
policy judgments made by state and local public education
officials requires entry of summary judgment for Defendants.

Because Hearing Officer Crane's detailed and thoughtful
decision so manifestly provides Plaintiffs with no basis for
appeal, extended discussion will not be necessary.  An
overview of the facts will make this clear.

Plaintiffs' daughter is a seventeen-year-old with a
language-based learning disability.  During the 2003-2004
school year (the year before the school term at issue in
this case), her parents enrolled her in the White Oak
School, a private day school in Westfield, after they
concluded that the young woman's IEP for that year was
inadequate.  A subsequent decision by BSEA Hearing Officer
Lindsay Byrne found that the School District, indeed, had

---

1 Hearing Officer's Crane decision made this finding with a
minor modification not relevant to this proceeding.

2

failed to offer the youngster a "free appropriate public
education" ("FAPE"), making her placement at White Oak
"appropriate and justified."  The School District appealed,
and this court affirmed Hearing Officer Byrne's decision on
March 23, 2005.

For the school term now before this court, 2004-2005,
the School District developed a substantially improved
language-based learning program called "Brighter
Beginnings."  Three of the teachers in the program had been
employed at the White Oak School and were familiar with
Plaintiffs' daughter.  Nevertheless, Plaintiffs again
rejected the IEP for the school year 2004-2005, and the
School District sought review by the BSEA.  This time, the
new hearing officer, William Crane, concluded, as noted
above, that the Brighter Beginnings program fully complied
with all applicable state and federal statutes and
regulations.

In preparation for his decision, Hearing Officer Crane
took three days of recorded oral testimony and argument,
including extensive testimony from Defendants' expert, Dr.
Judith Souweine, and from Plaintiffs' expert, Dr. Robert
Kemper.  The Hearing Officer also heard from three of the
teachers who would be directly responsible for Plaintiffs'
daughter's program.  The BSEA decision describes in detail

3

precisely why the Hearing Officer credited the testimony of Dr. Souweine over Dr. Kemper. The Hearing Officer noted that Dr. Souweine had spent more time with the program than Dr. Kemper, and that she reported "that the curriculum approach is individualized, with small classes of 4 or 5 students in each class." (Dkt. No. 1, Compl., Ex. A, In Re: Chicopee Public Schools 13.) Dr. Souweine observed a significant amount of remedial instruction, noted that the students were well invested in their academic work, and that the students found the materials engaging. Dr. Souweine concluded that the program "was organized and well thought-out for purposes of meeting the needs of students with learning disabilities." (Id. at 14.)

In reviewing a state educational agency's decision, this court must "be thorough yet deferential, recognizing the expertise of the administrative agency." Roland M. v. Concord Sch. Comm., 910 F.2d 983, 989 (1st Cir. 1990) (internal quotation mark and citation omitted). In assessing the adequacy of an IEP, a district court must answer two questions:

> First, has the State complied with the procedures set forth in the Act? And second, is the individualized educational program developed through the Act's procedures reasonably calculated to enable the child to receive educational benefits?

Bd. of Educ. of Hendrick Hudson Cent. Sch. Dist.,

4

<u>Westchester County v. Rowley</u>, 458 U.S. 176, 206-07 (1982).

As the First Circuit has noted, whether an IEP is appropriate is a mixed question of fact and law. <u>Lt. T.B. ex rel. N.B. v. Warwick Sch. Comm.</u>, 361 F.3d 80, 84 (1st. Cir. 2004). The focus of inquiry under 20 U.S.C. § 1415(e)(2) must recognize the IDEA's "modest goal" of "an appropriate, rather than an ideal, education." <u>Lenn v. Portland Sch. Comm.</u>, 998 F.2d 1083, 1086 (1st Cir. 1993). Ultimately, when the evidence permits two plausible views of the appropriateness of a BSEA decision, the BSEA's choice should not be lightly disturbed. <u>Roland M.</u>, 910 F.2d at 994.

Given these guideposts, the outcome of this appeal could scarcely be clearer. Hearing Officer Crane's decision was thoughtful, detailed, and well-supported. Even without the admonition to give it "due deference," the court would find the sensitivity and care so obvious in the memorandum compelling.[2]

Plaintiffs' argument that the Byrne decision in some way

_____

[2] Plaintiffs have offered to supply additional testimony in support of their appeal. Additional evidence, of course, could be offered in almost every controversy, but the First Circuit has noted that it is appropriate to limit additional testimony where witnesses could have been called at the administrative hearing but were not. <u>See</u> <u>Roland M.</u>, 910 F.2d at 997. In light of the delay already incurred in this case, further testimony is particularly unwarranted.

constitutes stare decisis controlling the outcome in this case is unpersuasive. The fact is that the program offered by Defendant for the 2004-2005 school year was substantially different from the one previously analyzed by the BSEA. In his decision, Hearing Officer Crane meticuously addressed each concern raised by Plaintiffs and their expert relative to the 2004-2005 IEP.

In sum, the undisputed facts of record powerfully support entry of judgment in favor of Defendants here. Affording due deference to the BSEA's decision, the court can discern no shred of error or caprice in the June 8, 2005 decision. Based upon this, Plaintiffs' Motion for Summary Judgment (Dkt. No. 27) is hereby DENIED. Defendants' Motions for Summary Judgment (Dkt. Nos. 31 and 35) are hereby ALLOWED. The clerk is ordered to enter judgment for Defendants on all issues. This case may now be closed.[3]

It is So Ordered.

/s/ Michael A. Ponsor
MICHAEL A. PONSOR

---

3 Defendant City of Chicopee filed a Motion for Preliminary Injunction, seeking review by this court of a dispute regarding the City's obligation to pay Plaintiffs' daughter's tuition at White Oak for the 2005-2006 school year. This issue is currently before the BSEA in an advisory proceeding, and the Motion for Preliminary Injunction (Dkt. No. 38) has been withdrawn. In addition, the court has denied as moot the City's Motion for Sanctions (Dkt. No. 47).

6

**U. S. District Judge**